**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

**FILED**

2008 Jan 11 PM 04:30

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 05-74861 |
| | ) | |
| Stephen L. Nitschke, | ) | Chapter 7 |
| | ) | |
|       Debtor. | ) | Adv. Pro. No. 06-3131 |
| | ) | |
| David Smith, | ) | Hon. Mary Ann Whipple |
| | ) | |
|       Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| Stephen L. Nitschke, | ) | |
| | ) | |
|       Defendant. | ) | |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER
### GRANTING MOTION FOR LEAVE TO INTERVENE

This adversary proceeding is before the court on a motion filed by State Farm Fire and Casualty Company ("State Farm") to intervene in this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7024 and Federal Rule of Civil Procedure 24(a) ("Motion"). [Doc. # 19]. Defendant states the he has no objection to the Motion. [Doc. # 22]. For the reasons that follow, the Motion will be granted.

## BACKGROUND

This proceeding was brought by Plaintiff David Smith to determine the dischargeability of a debt allegedly owed to him by Defendant for personal injuries caused by Defendant assaulting him or using excessive force against him. In his complaint, Plaintiff alleges that the debt should be excepted from discharge under 11 U.S.C. § 523(a)(6). State Farm is Defendant's homeowner insurer and is defending him under a reservation of rights in a state court action brought by Plaintiff against Defendant to recover for personal injuries. In his state court action, Plaintiff alleges claims for assault, excessive force and negligence. State Farm has also filed a declaratory action in state court seeking a judgment that it has no duty to defend or indemnify Defendant as to Plaintiff's claims because the claims fall within an exclusion in State Farm's insurance policy for injuries caused by an insured's "willful and malicious acts." Both state court cases have been stayed due to Defendant filing for relief under Chapter 7 of the Bankruptcy Code.

Defendant has filed a motion for summary judgment in this adversary proceeding in which he argues that he was acting in self-defense when he struck Plaintiff and, presumably, that no debt is owed for a willful and malicious injury. Although Plaintiff has filed what he captions as a motion for summary judgment, rather than seeking a judgment under § 523, he seeks only an order that the alleged debt is non-dischargeable if he prevails on either his assault claim or excessive force claim in state court and that Plaintiff's recovery be capped at $100,000, the limit of Defendant's insurance coverage, if he prevails on his negligence claim in state court. Although Plaintiff asserts that Defendant intentionally struck him on the head with a baseball bat and that the resulting personal injuries constitute willful and malicious injuries or excessive force, the debt for either of which he contends is nondischargeable, Plaintiff clearly wishes to proceed with his claims in state court. He asserts that the order he requests "would permit this Court to conclude Debtor's bankruptcy case and permit this issue to be tried in Sandusky, Ohio . . . ." [Doc. # 18, p. 6]. The court has, by separate order, denied Plaintiff's request for such an order.

Less than one month after the parties filed their motions for summary judgment, State Farm filed its motion to intervene. In its proposed complaint attached to the motion, State Farm alleges two counts. It alleges that it has no duty to defend or indemnify Defendant with respect to Plaintiff's claims because (1) its homeowners policy provides coverage only for certain claims arising from an "occurrence," as defined in the policy, and Plaintiff's claims against Defendant do not arise from such an "occurrence," and (2) its policy excludes coverage "for injuries that an insured expects or intends, or that result from an insured's willful and malicious acts." [Doc. # 19, Ex. A, ¶¶ 8-9].

## BACKGROUND

This proceeding was brought by Plaintiff David Smith to determine the dischargeability of a debt allegedly owed to him by Defendant for personal injuries caused by Defendant assaulting him or using excessive force against him. In his complaint, Plaintiff alleges that the debt should be excepted from discharge under 11 U.S.C. § 523(a)(6). State Farm is Defendant's homeowner insurer and is defending him under a reservation of rights in a state court action brought by Plaintiff against Defendant to recover for personal injuries. In his state court action, Plaintiff alleges claims for assault, excessive force and negligence. State Farm has also filed a declaratory action in state court seeking a judgment that it has no duty to defend or indemnify Defendant as to Plaintiff's claims because the claims fall within an exclusion in State Farm's insurance policy for injuries caused by an insured's "willful and malicious acts." Both state court cases have been stayed due to Defendant filing for relief under Chapter 7 of the Bankruptcy Code.

Defendant has filed a motion for summary judgment in this adversary proceeding in which he argues that he was acting in self-defense when he struck Plaintiff and, presumably, that no debt is owed for a willful and malicious injury. Although Plaintiff has filed what he captions as a motion for summary judgment, rather than seeking a judgment under § 523, he seeks only an order that the alleged debt is non-dischargeable if he prevails on either his assault claim or excessive force claim in state court and that Plaintiff's recovery be capped at $100,000, the limit of Defendant's insurance coverage, if he prevails on his negligence claim in state court. Although Plaintiff asserts that Defendant intentionally struck him on the head with a baseball bat and that the resulting personal injuries constitute willful and malicious injuries or excessive force, the debt for either of which he contends is nondischargeable, Plaintiff clearly wishes to proceed with his claims in state court. He asserts that the order he requests "would permit this Court to conclude Debtor's bankruptcy case and permit this issue to be tried in Sandusky, Ohio . . . ." [Doc. # 18, p. 6]. The court has, by separate order, denied Plaintiff's request for such an order.

Less than one month after the parties filed their motions for summary judgment, State Farm filed its motion to intervene. In its proposed complaint attached to the motion, State Farm alleges two counts. It alleges that it has no duty to defend or indemnify Defendant with respect to Plaintiff's claims because (1) its homeowners policy provides coverage only for certain claims arising from an "occurrence," as defined in the policy, and Plaintiff's claims against Defendant do not arise from such an "occurrence," and (2) its policy excludes coverage "for injuries that an insured expects or intends, or that result from an insured's willful and malicious acts." [Doc. # 19, Ex. A, ¶¶ 8-9].

## LAW AND ANALYSIS

State Farm seeks to intervene in this proceeding as of right under Federal Rule of Civil Procedure 24(a)(2), made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7024. Rule 24(a)(2) provides as follows:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action:
>
> . . . .
>
> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Sixth Circuit has interpreted this rule as establishing four elements, each of which must be satisfied before intervention as of right will be granted: "'(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000) (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997)). "Rule 24 should be 'broadly construed in favor of potential intervenors.'" *Id*. (quoting *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir.1991)).

State Farm has satisfied the timeliness element of Rule 24. This adversary proceeding was filed on February 20, 2006. In June 2006, the parties were granted leave to file motions for summary judgment. On August 30, 2006, approximately three weeks after the parties filed their summary judgment motions, State Farm filed its motion to intervene. No party has argued that the motion to intervene was untimely filed.

With respect to the second element, State Farm argues that it has a substantial interest in the case as the liability insurer for Defendant. The nature of Defendant's actions will determine whether State Farm is required to indemnify Defendant as to Plaintiff's claims. Specifically, if Defendant's actions are found to be willful and malicious, a finding necessary for Plaintiff to prevail under his § 523(a)(6) claim, State Farm has no obligation to indemnify Defendant as to Plaintiff's claims. The court finds this constitutes a substantial pecuniary interest relating to the transaction that is the subject matter of this proceeding.

To satisfy the third element, "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Miller*, 103 F.3d at 1247 (internal citation omitted). State Farm argues that if the court determines that Defendant acted

3

negligently, rather than willfully and maliciously,[1] then it may be collaterally estopped from relitigating that finding. In *Howell v. Richardson*, 45 Ohio St. 3d 365 (1989), the Ohio Supreme Court held that a determination in a prior lawsuit between an injured party and a tortfeasor that the tortfeasor was merely negligent in discharging a firearm collaterally estopped the tortfeasor's insurer from relitigating the issue. *Howell*, 45 Ohio St. 3d at 367. The court rejected the insurer's argument that the doctrine of collateral estoppel did not apply because it was not a party to the prior proceeding. *Id.* The court explained that collateral estoppel not only applies to parties to the prior proceeding but also "to those in privity with the litigants and to those who could have entered the proceeding but did not avail themselves of the opportunity." *Id.* Because the insurer "possessed a contractual relationship with [the tortfeasor] and, in any event, could have intervened in the prior proceeding," the court concluded that collateral estoppel applied. *Id.* In light of the court's explanation in *Howell*, the state court's application of preclusion principles to a determination made by this court in this proceeding is certainly a possibility.

Finally, the court agrees that State Farm's interest is not adequately represented by the existing parties. A proposed intervenor "is not required to show that the representation will in fact be inadequate." *Miller*, 103 F.3d at 1247. "It is sufficient that [it] prove that representation may be inadequate." *Id.* State Farm has met that burden. Plaintiff has some incentive not to prove a willful and malicious injury caused by Defendant's conduct since such a determination will result in an exclusion from insurance coverage and, presumably, less likelihood of recovery. Plaintiff would also have incentive not to appeal a determination that Defendant's conduct was merely negligent since such conduct is covered by Defendant's insurance policy and, therefore, increases the likelihood of a monetary recovery. Such a decision can constitute inadequate representation. *Id.* at 1248.

For all of the foregoing reasons, the court will grant State Farm's Motion. However, State Farm's proposed complaint exceeds the boundaries of the issues that are properly determinable in this action. The court will condition State Farm's intervention on litigating only whether the injury caused by Defendant striking Plaintiff in the head was willful and malicious under § 523(a)(6). To the extent that State Farm's proposed complaint seeks a determination as to its duty to defend and indemnify Defendant against Plaintiff's state law claims, and to the extent that it is based on an intentional act by Defendant, rather than

---

[1] For example, Defendant claims that he was acting in self-defense when he struck Plaintiff in the head with a bat. The court could, theoretically, find that he negligently and unintentionally used more force than reasonably necessary under the circumstances. *Cf. Nationwide Mut. Fire Ins. Co. v. Pendrey*, No. L-98-1101, 1998 WL 852286, *2 (Ohio App. Dec. 11, 1998).

4

a willful and malicious injury, its motion will be denied. The court has no jurisdiction to decide the insurance coverage issues alleged in the proposed intervenor complaint. If this court determines that Defendant owes Plaintiff a debt for a willful and malicious injury, the import of that holding for the extant insurance coverage issues must be determined by the state court in the pending coverage action. State Farm will be granted leave to file an intervenor complaint alleging its interest in this proceeding as discussed above and alleging that the injury caused by Defendant striking Plaintiff was willful and malicious under § 523(a)(6).

**THEREFORE**, good cause appearing,

**IT IS ORDERED** that State Farm's Motion to Intervene [Doc. # 19] be, and hereby is, **GRANTED in part** and **DENIED in part**; and

**IT IS FURTHER ORDERED** that State Farm's intervention in this proceeding is limited to litigating whether the injury caused by Defendant's conduct as alleged in Plaintiff's complaint was willful and malicious under 11 U.S.C. § 523(a)(6). State Farm is granted until **January 25, 2008,** to file an intervenor complaint in accordance with this order.