**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.  This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

**FILED**

**2008 Jan 11 PM 04:37**

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 05-74861 |
| | ) | |
| Stephen L. Nitschke, | ) | Chapter 7 |
| | ) | |
|        Debtor. | ) | Adv. Pro. No. 06-3131 |
| | ) | |
| David Smith, | ) | Hon. Mary Ann Whipple |
| | ) | |
|        Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| Stephen L. Nitschke, | ) | |
| | ) | |
|        Defendant. | ) | |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER
### DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT

    This adversary proceeding is before the court on the Defendant's motion for summary judgment [Doc. # 17] and Plaintiff's opposition and cross-motion for summary judgment [Doc. # 18]. This proceeding was brought by Plaintiff David Smith to determine the dischargeability of a debt allegedly owed to him by Defendant Stephen Nitschke for personal injuries caused by Defendant assaulting him or using excessive force against him.  In his complaint, Plaintiff alleges that the debt should be excepted from discharge under

11 U.S.C. § 523(a)(6).

## FACTUAL BACKGROUND

In support of his motion, Defendant offers the deposition testimony of both Plaintiff and himself. There is no dispute as to the following facts. Plaintiff was an employee of All Pro Home Improvements, a sole proprietorship owned by Defendant, for approximately two weeks in late August and early September of 2002. Plaintiff quit and walked off the job on September 4, 2002. On October 11, 2002, Plaintiff called Defendant on the telephone and told him he was coming to Defendant's home to get his paycheck. There is no dispute that Plaintiff did in fact go to Defendant's home on that date during the daylight hours. There is also no dispute that Defendant hit Plaintiff in the head with a baseball bat during their encounter at Defendant's home on that date. The parties's depositions, however, set forth two very different versions of their encounter on October 11, 2002, the encounter that forms the basis of Plaintiff's complaint.

According to Defendant, Plaintiff threatened Defendant during their telephone conversation that occurred approximately one-half hour before Plaintiff arrived at his home. After hearing the doorbell ring and assuming that the person at the door was Plaintiff, Defendant picked up a baseball bat as he was approaching the door. Defendant testified that the inside steel front door was open and the storm door permitted a full view of anyone standing at the door. Defendant testified, however, that he did not see Plaintiff because Plaintiff was standing off to the side of the door. According to Defendant, as Defendant started to open the storm door, Plaintiff yanked the storm door open and tried to stab Defendant in the abdomen with a pair of tin snips. Defendant testified that he then struck Plaintiff in the head with the baseball bat in self-defense. [Doc. # 17, Ex. B, pp. 8-13, 22-23, 32 ].

According to Plaintiff, he called Defendant on October 11, 2002, regarding his paycheck. At that time, Defendant told him that he had not sent Plaintiff's paycheck in the mail because Plaintiff still had a pair of tin snips that belonged to Defendant. According to Plaintiff, he told Defendant he would return the tin snips and Plaintiff told him to "come on out." [*Id.*, Ex. A. pp. 41-42]. He denies ever threatening Defendant. [*Id.* at 41]. On arriving at Defendant's home, he rang the doorbell. According to Plaintiff, the interior front door was closed. He began to walk away because there was no answer when he saw Defendant through a window in the house walking towards the door. Plaintiff testified that he returned to the front door, opened the storm door and waited for Defendant to open the interior door. Plaintiff further testified that when Defendant opened the interior door, he immediately swung the baseball bat and struck Plaintiff in the head before Plaintiff could say anything. Plaintiff had the tin snips in his hand at the time and,

according to Plaintiff, Defendant then tried to grab them from his hand. [*Id.* at pp. 43-44].

After the parties' altercation on October 11, 2002, Plaintiff was treated at the hospital for injuries caused by the blow to his head, [*Id.* at 48], and Defendant was arrested and charged with felonious assault. [*Id.*, Ex. B, p. 30; Doc. # 18, Ex. A]. Defendant eventually entered a plea of no contest and was found guilty of the amended offense of assault in violation of Ohio Revised Code § 2903.13(A).[1] [Doc. # 18, Ex.A]. Thereafter, Plaintiff filed a civil action in state court against Defendant to recover for personal injuries, alleging claims for assault, excessive force and negligence.

## LAW AND ANALYSIS

**I. Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*.

In cases such as this, where the parties have filed cross-motions for summary judgment, the court must consider each motion separately on its merits, since each party, as a movant for summary judgment, bears the burden to establish both the nonexistence of genuine issues of material fact and that party's entitlement to judgment as a matter of law. *Lansing Dairy v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994);

---

[1] Section 2903.13(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another. . . ." The court notes, however, that a conviction based on a plea of no contest may not be given collateral estoppel effect. *See*, *e.g.*, *Raiford v. Abney (In re Raiford)*, 695 F.2d 521, 523 (11th Cir. 1983); *see also*, *e.g.*, *Vogel v. Kalita (In re Kalita)*, 202 B.R. 889, 896-98 (Bankr. W.D. Mich. 1996) (plea of nolo contendere does not give rise to collateral estoppel because no issues were actually litigated); Fed. R. Evid. 410(2), 803(22).

*Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 463 n.6 (6th Cir. 1999). The fact that both parties simultaneously argue that there are no genuine factual issues does not in itself establish that a trial is unnecessary, and the fact that one party has failed to sustain its burden under Fed. R. Civ. P. 56 does not automatically entitle the opposing party to summary judgment. *See* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2720 (1998).

## II. Defendant's Motion for Summary Judgment

Section 523(a)(6) provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable. 11 U.S.C. § 523(a)(6). In order to be entitled to a judgment that the debt is excepted from discharge, Plaintiff must prove by a preponderance of the evidence that the injury from which the debt arises was both willful and malicious. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999); *J & A Brelage, Inc. v. Jones (In re Jones)*, 276 B.R. 797, 801-2 (Bankr. N.D. Ohio 2001). A willful injury occurs when "(i) the actor desired to cause the consequences of the act or (ii) the actor believed that the given consequences of his act were substantially certain to result from the act." *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 307 (B.A.P. 6th Cir. 2004) (citing *Markowitz*, 190 F.3d at 464). Under § 523(a)(6), "'malicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." *Id.* (citing *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)).

Defendant argues that he acted in self-defense in striking Plaintiff with the baseball bat. Although intentionally striking a person in the head with a baseball bat may cause a willful injury, if sufficiently justified, it does not cause a malicious injury. *See Jett v. Sicroff (In re Sicroff)*, 401 F.3d 1101, 1107 n.5 (9th Cir. 2005) ("An assault . . . may cause a "willful injury" . . . yet be justly excused by self-defense); *Kleman v. Taylor (In re Taylor)*, 322 B.R. 306, 309 (Bankr. N.D. Ohio 2004) (explaining that acts properly taken in self-defense provide a valid defense to an action brought under § 523(a)(6)). Nevertheless, the facts, as discussed above, are sharply disputed on this issue. While there is no dispute that Defendant struck Plaintiff in the head, and, as a result, that Plaintiff sustained injuries, there is a genuine issue of fact as to whether he was justified in doing so, making summary judgment inappropriate.

## III. Plaintiff's Motion for Summary Judgment

Although Plaintiff has filed what he captions as a motion for summary judgment, rather than seeking a judgment in his favor on the complaint under § 523, he acknowledges that there are genuine issues of material fact that preclude disposition of this proceeding on summary judgment. Instead, he seeks an order

4

that the alleged debt is non-dischargeable if he prevails on either his assault claim or excessive force claim in state court and that Plaintiff's recovery be capped at $100,000, the limit of Defendant's insurance coverage, if he prevails on his negligence claim in state court. He asserts that the order he requests "would permit this Court to conclude Debtor's bankruptcy case and permit this issue to be tried in Sandusky, Ohio . . . ." [Doc. # 18, p. 6]. The court declines the invitation to render what would be, in effect, an advisory opinion on the significance of hypothetical outcomes of state court litigation, some aspects of which, such as insurance coverage, this court has no subject matter jurisdiction to decide. Whether there is a debt owed by Defendant to Plaintiff for a willful and malicious injury excluded from discharge under § 523(a)(6) is the only determination this court can make, and that is one within the exclusive jurisdiction of this court. 11 U.S.C. § 523(c)(1); *Casey v. Abdelrahman*, 323 B.R. 834 (S.D.N.Y. 2005).

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 17] be, and hereby is, **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Summary Judgment [Doc. # 18] be, and hereby is, **DENIED**; and

**IT IS FINALLY ORDERED** that this adversary proceeding be, and hereby is, set for a further status and scheduling conference under Fed. R. Civ. P. 16(a) on **February 26, 2008, at 9:45 o'clock a.m.** , in Courtroom No. 2, Room 103, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio. Counsel may appear by telephone with at least 24 hours advance notice to the court.